Polito v Escorcia (2022 NY Slip Op 06447)

Polito v Escorcia

2022 NY Slip Op 06447

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 155206/18 Appeal No. 16659 Case No. 2021-04099 

[*1]Michele Polito, Plaintiff-Respondent,
v
Katherine Escorcia et al., Defendants, The City of New York, Defendant-Appellant.

Georgia M. Pestana, Corporation Counsel, New York (Chloe Moon of counsel), for appellant.
The Licatesi Law Group, LLP, Uniondale (Michael Licatesi of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered July 26, 2021, which, to the extent appealed from as limited by the briefs, denied defendant City of New York's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Neither the notice of claim nor the complaint alleges the factual predicate for the special relationship theory between plaintiff and the City, as required to hold the City liable for plaintiff's injuries based on a traffic officer's alleged negligence in directing traffic and pedestrians at an intersection where plaintiff was crossing the street (see Puello v City of New York, 118 AD3d 492, 492 [1st Dept 2014]; see also Cuffy v City of New York, 69 NY2d 255, 260 [1987]). Plaintiff also did not sufficiently allege that the officer, in directing traffic, took control of "a known and dangerous safety condition" so as to set forth the existence of a special duty (Ferreira v City of Binghamton, 38 NY3d 298, 310 [2022] [internal quotation marks omitted]). Plaintiff alleged only that the traffic officer negligently directed a vehicle at the intersection, causing the vehicle to hit her, thereby creating a dangerous condition; however, the dangerous condition must exist prior to the traffic officer's assumption of any duty (see e.g. Smullen v City of New York, 28 NY2d 66, 70-71 [1971]). Plaintiff did not assert that the intersection was inherently dangerous or that the drivers of the cars at the intersection were violating any safety laws before the officer was directing pedestrians.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022